02-11-316-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00316-CV

 

 


 
 
 Thomas C. Binzer, M.D., and Thomas C. Binzer, M.D.,
 P.A.
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Joseph E. Alvey, Jr.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 43rd
District Court OF Parker COUNTY

----------

 

OPINION

----------

          This
is an appeal from the trial court’s denial of appellants Thomas C. Binzer, M.D.
and Thomas C. Binzer, M.D., P.A.’s motion for partial dismissal under section
74.351 of the civil practice and remedies code.  In three issues, appellants
contend that appellee Joseph F. Alvey, Jr.’s expert report failed to address
four of appellee’s pled theories of liability, that it failed to provide an
adequate expert opinion as to those theories, and that they were not required
to timely file and serve objections under section 74.351(a) to preserve their
complaints.  We affirm.

Background

          Appellee
sued appellants, claiming Dr. Binzer was negligent in his treatment of a
methicillin resistant staphylococcus aureus (MRSA) infection after performing
shoulder surgery on appellee.  Appellee contended that Dr. Binzer was negligent
in the following:  (1) failing to timely advise him that he was infected with
MRSA, (2) failing to advise him of conflicting medical studies and reports, (3)
concealing the MRSA infection after inquiry by appellee, (4) failing to timely
treat the infection, (5) failing to properly treat the infection, (6) failing
to properly follow, observe, and test appellee to determine the progress of the
infection, (7) failing to timely and properly refer appellee to an infectious
disease specialist, and (8) failing to timely and properly consult with an
infectious disease specialist.  Appellee also contended that Dr. Binzer made
false representations about the existence of an infection.

          Appellee
timely served an expert report on appellants on May 13, 2011.  Appellants filed
a motion for partial dismissal and costs on June 22, 2011,[1]
more than twenty-one days following the service of the expert report.  The
motion for partial dismissal contends that the report constitutes no report as
to appellee’s first three negligence theories of liability and his false
representation claim because it wholly fails to address these theories of
liability.  The trial court denied the motion after a hearing.

Analysis

          Section
74.351(a) of the civil practice and remedies code provides that “[i]n a health
care liability claim, a claimant shall, not later than the 120th day after the
date the original petition was filed, serve on each party or the party’s attorney
one or more expert reports . . . for each physician or health care provider
against whom a liability claim is asserted.”  Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(a) (West 2011).  It also provides that a defendant in a
health care liability suit must object to the sufficiency of a timely-filed
expert report no later than twenty-one days after service.  Id.  A
defendant who fails to do so waives “all” objections to the report.  Id.;
see Ogletree v. Matthews, 262 S.W.3d 316, 322 (Tex. 2007); Neason v.
Buckner, 352 S.W.3d 254, 257 (Tex. App.––Houston [14th Dist.] 2011, no
pet.).  The statute does not require dismissal of deficient but curable
reports.  Ogletree, 262 S.W.3d at 320.

          Appellants
claim that because appellee’s expert report failed to address the specific
claims they challenge, appellee in effect provided no expert report at all on
those claims; therefore, appellants were not required to object within the
twenty-one day period set forth in section 74.351(a).  However, appellants’
motion for partial dismissal acknowledges that the report addresses some but
not all of appellee’s pled theories of liability, and appellants’ objections were
discernable and thus could have been made within the twenty-one day period.  See
id.  To the extent that the report sufficiently addresses some pled
theories of liability but not others, it is a “deficient, but curable” report
rather than no report at all.  See id. at 320, 322.  But because
appellants failed to object to this alleged deficiency, they cannot now require
appellee to cure it or face dismissal of those theories under the statute.  See
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a); Ogletree, 262 S.W.3d
at 322.  Accordingly, we conclude and hold that because appellee timely served
a report that addresses some of his claims in the live petition, appellants
were required to object to “all” alleged deficiencies in the report within the
twenty-one day period.  See Neason, 352 S.W.3d at 259.  Because they
failed to do so, they waived those objections.  Ogletree, 262 S.W.3d at
322; Neason, 352 S.W.3d at 259.

Appellants
cite Windsor v. Maxwell, 121 S.W.3d 42, 51 (Tex. App.––Fort Worth 2003,
pet. denied), and Benson v. Vernon, 303 S.W.3d 755, 761 (Tex. App.––Waco
2009, no pet.), in support of their argument.  Both of these cases are inapposite
because they do not involve the waiver provision of section 74.351(a) and its
explicit language that “all” objections not timely made are waived.  We agree with
the holding in Windsor that an expert report must address each theory of
liability alleged in the plaintiff’s pleadings, but we do not even reach that
issue if a report qualifies as a report under the statute (whether deficient or
adequate) as to some theories of liability and the defendant does not timely
object to any theories of liability missing from the report.  See Windsor,
121 S.W.3d at 51.  The holding in Neason is directly on point, and we
agree with and adopt its reasoning, which is based on the plain language of
section 74.351(a).  Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a); Neason,
352 S.W.3d at 259.  We overrule appellants’ third issue, which is dispositive
of this appeal.  Accordingly, we need not address their first and second
issues.  See Tex. R. App. P. 47.1; Davisson v. Nicholson, 310
S.W.3d 543, 559 n.11 (Tex. App.––Fort Worth 2010, no pet.) (op. on reh’g).

Conclusion

          Having
overruled appellants’ third and dispositive issue, we affirm the trial court’s
order.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; WALKER and MCCOY, JJ.

 

DELIVERED:  January 19, 2012









[1]Although the certificate
of service in the motion to dismiss states that it was mailed to appellee on
May 17, 2011, appellee’s counsel filed an affidavit with the court stating that
he did not receive it until June 23, 2011 and that the report was accompanied
by a cover letter dated June 17, 2011.  Appellants did not dispute this
affidavit.